IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| RONALD DEAN McCALL | ) | Civil No. 01-80-JO |
| | ) | CR 98-415-2-JO |
| Petitioner | ) | (Related Case) |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

Michele L. Kohler
4380 S.W. Macadam Ave., Suite 500
Portland, OR 97239

    Attorney for Petitioner

Scott M. Kerin
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

    Attorney for Respondent

JONES, Judge:

Petitioner, Ronald Dean McCall, brings this petition (# 64) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The parties stipulate that the petition was timely filed on January 17, 2001. The petition was stayed pending resolution of petitioner's state post-conviction proceeding, which has since concluded unsuccessfully for petitioner. For the reasons set forth below, petitioner's § 2255 motion is granted, the original sentence is vacated, and petitioner has been resentenced by this court without application of the upward departure under United States Sentencing Guidelines ("U.S.S.G.") §§ 5K2.0 and 4A1.3, and consistent with the sentencing factors set forth in 18 U.S.C. § 3553.[1]

## DISCUSSION

On September 22, 1999, petitioner pled guilty to two counts of Bank Robbery, in violation of 18 U.S.C. § 2113(a). Both offenses occurred in July of 1998. During that month, petitioner also participated in a number of other robberies, which occurred in Washington County, Oregon; Multnomah County, Oregon; and Clark County, Washington. Petitioner's federal court-appointed counsel negotiated a global settlement of all potential charges, and reached an agreement with both state and federal prosecutors which stipulated that Multnomah

---

[1] Petitioner's sentence was originally imposed on January 14, 2000, under the mandatory Federal Sentencing Guidelines. While his § 2255 petition was pending before this court, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which resulted in the Guidelines becoming advisory only. Booker is not retroactive, so it does not apply on collateral review, see United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005), and petitioner has not alleged any Booker error with respect to his original sentence. Upon resentencing, however, "it is both important and legally necessary under 18 U.S.C. § 3553(a) and under Booker that the district court conduct parallel analyses--first employing the Guidelines, and the considering non-guideline sentencing factors under § 3553(a)." United States v. Mix, 457 F.3d 906, 913 (9th Cir. 2006).

County would take the lead in petitioner's prosecution. (Petitioner's Reply Mem. (# 82) at 2-3.) Petitioner agreed to plead "no contest" to one count of Robbery in the First Degree in Multnomah County Circuit Court, receive an upward departure sentence of 160 months with no possible reduction for good-time credits, and then be permitted to serve his state sentence concurrently to the federal sentence to be imposed at a later date. Petitioner further agreed to be sentenced in federal court to an upward departure of 160 months, at which time he was to begin serving his sentence in the custody of the Federal Bureau of Prisons ("BOP") rather than the Oregon Department of Corrections ("ODOC"). (Id. at 3.) The plea and stipulated sentence entered in the District Court was supposed to be "a final resolution of all existing and potential charges arising out of his participation in robberies committed in both Multnomah county, Oregon and Clark County, Washington, during July, 1998." (Gov't Resp. to Mot. for Relief (# 69) at Attach. 1, Plea Offer.) Unfortunately, these plans did not come to fruition.

In his § 2255 motion, petitioner raises three grounds for relief: 1) the court did not satisfy the mandate under 18 U.S.C. § 3553(c) to announce specific reasons during the sentencing hearing before imposing a sentence that departed upwards from the Guidelines range; 2) petitioner was denied the effective assistance of counsel because his attorney advised him to accept a plea agreement that was to resolve all pending charges, and then permitted petitioner to be prosecuted later in state court; 3) the federal government breached petitioner's plea agreement by failing to fulfill its terms, so that not only was petitioner compelled to serve his concurrent federal sentence in ODOC custody, but also was later convicted of two counts of Robbery in the First Degree and sentenced by the State of Washington to an additional 70 months. Because I

find that petitioner's ineffective assistance of counsel claim has merit, as discussed below, I do not reach the other claims for relief.

Generally, in order to prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The Supreme Court adapted the <u>Strickland</u> standard to challenges to guilty pleas by holding that a defendant seeking to invalidate his plea based on ineffective assistance must "show that (1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" <u>Womack v. Del Papa</u>, ___ F.3d ___, 2007 WL 2296781 at *3 (9th Cir. Aug. 13, 2007) (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 57-59 (1985)).

In this case, petitioner's counsel advised him to sign a plea agreement and stipulate to an upward departure under the Guidelines in order to receive the benefit of a global settlement of all pending charges--both state and federal--and to allow him to serve his sentence in BOP custody. However on August 18, 1999, the date on which the plea agreement was signed, petitioner had already been sentenced by the Multnomah County Circuit Court and was already serving his 160-month sentence in ODOC custody. (Petitioner's Reply Mem. at 4, 8.) Competent counsel would have been aware that once petitioner began serving his concurrent state sentence, BOP regulations would not permit petitioner to be designated to a federal facility until the state sentence was properly served. Thus, with respect to this term the plea agreement was fatally

4 - OPINION AND ORDER

flawed from the outset, and counsel's failure to adequately advise petitioner of this fact was both objectively unreasonable and prejudicial.

More importantly, petitioner's counsel had notice that there were charges pending in the State of Washington at the time the plea agreement was entered, not only because petitioner had been arraigned in September of 1998, but also because the Presentence Report prepared by the United States Probation Office on October 29, 1999, discussed in detail the charges pending in Washington state, and stated that the robberies that occurred there were included in the plea agreement on the instant federal offense. (Id. at 5, 9.) Nevertheless, there is no indication in the record that petitioner's counsel attempted to prevent petitioner from being prosecuted in Washington for crimes that were supposed to be resolved by the federal proceeding.

I also find that in this respect, counsel's failure to either advise petitioner that his federal plea agreement could not bar subsequent prosecution in the State of Washington, or to later enforce the plea agreement by seeking dismissal of those charges fell below an objective standard of constitutionally adequate representation. Clearly, receiving a 145-month upward departure sentence in federal court, and then receiving an additional 70-month sentence from the State of Washington not only prejudiced petitioner, but it is reasonable to expect that had he known of counsel's errors petitioner would not have agreed to plead guilty and stipulate to the federal sentence he received.

Accordingly, petitioner's original sentence is vacated; following a resentencing proceeding at which petitioner was present, he was resentenced without the application of the upward departure under the advisory Guidelines as follows: As set forth in the original Presentence Report, and based on petitioner's plea agreement, the combined offense level for

5 - OPINION AND ORDER

petitioner's offenses is 29. I again find that petitioner is entitled to a three-level reduction in the offense level pursuant to Guideline § 3E1.1 due to his acceptance of responsibility, yielding a total offense level of 26. With a Criminal History Category score of II, the appropriate advisory Guidelines range is 70-87 months' imprisonment. I find that under the advisory Guidelines, an appropriate sentence would be 70 months.

However, in the exercise of my discretion and considering all of the factors enumerated in 18 U.S.C. § 3553(a), as well as to give petitioner full credit for 15 months of state imprisonment that he has already served which will not be credited by the BOP, I find that a sentence of 55 months' imprisonment for each of Counts 1 and 2 of the original indictment, to be served concurrently with each other, and concurrently with the sentence imposed in Multnomah County Circuit court, case No. 9808-37106, followed by a 3-year term of supervised release is sufficient, but not greater than necessary to achieve the purposes of the statute. In addition, the original restitution order of $2862.00 is reimposed, and the original standard and special conditions of supervision are reimposed as set forth in the Amended Judgment. I note that all parties have agreed to this disposition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, petitioner's Motion to Vacate or Correct under 28 U.S.C. § 2255 (# 64) is GRANTED. The original sentence is vacated, petitioner is resentenced as set forth above, and the Judgment in this case shall be amended to reflect the sentence that has been imposed.

IT IS SO ORDERED.

DATED this 24ᵗ day of September, 2007.

_____
ROBERT E. JONES
U.S. District Judge

7 - OPINION AND ORDER